UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL LaDONNA PETERSON,

        Petitioner,                    Case No. 2:24-cv-12341

v.                                      Honorable Susan K. DeClercq
                                              United States District Judge

JEREMY HOWARD,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO
## THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Angel LaDonna Peterson has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. She challenges her convictions for three counts of felony murder and one count of attempted murder following a jury trial in Recorder's Court for the City of Detroit.[1] Peterson was sentenced to three terms of life imprisonment and one term of 20 to 40 years' imprisonment.

The Michigan Court of Appeals affirmed these convictions. *See People v. Peterson*, No. 182872, 1996 WL 33358115 (Mich. Ct. App. Sept. 20, 1996). The Michigan Supreme Court declined to grant leave to appeal. *People v. Peterson*, 568 N.W.2d 85 (unpublished table decision) (Mich. 1997).

---

[1] Petitioner was also convicted of arson, but the Michigan Court of Appeals vacated that conviction on double jeopardy grounds. *See People v. Peterson*, No. 182872, 1996 WL 33358115 (Mich. Ct. App. Sept. 20, 1996).

In 1998, Peterson filed a federal habeas petition challenging the same convictions she challenges in this case. The petition was denied on the merits and dismissed with prejudice. *Peterson v. Yukins*, No. 98-cv-73151, ECF No. 24 (E.D. Mich. Jan. 6, 2000). Peterson did not file an appeal. Instead, nearly twenty years after the denial of her petition, Peterson filed a motion for relief from judgment pursuant to Civil Rule 60(b). *Id.*, ECF No. 27 (E.D. Mich. Sept. 6, 2019). The District Court denied the motion and declined to issue a certificate of appealability. *Id.*, ECF No. 28 (E.D. Mich. Sept. 16, 2019). Peterson then filed an application for a certificate of appealability in Sixth Circuit Court of Appeals. *Id.*, ECF No. 30 (E.D. Mich. Oct. 18, 2019). The Court of Appeals denied a certificate of appealability. *Peterson v. Brewer*, No. 19-2245 (6th Cir. March 3, 2020).

Before a prisoner may file a successive habeas petition challenging a conviction already challenged in an earlier petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus without an order from the court of appeals authorizing the filing of a successive petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (recognizing state

prisoner's failure to obtain authorization from court of appeals before filing successive habeas corpus petition deprived district court of jurisdiction).

Petitioner challenges the same convictions challenged in her earlier petition, but she has not received authorization from the Sixth Circuit to file a successive petition. When a habeas petitioner files a second or successive petition in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631") (quoting *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)).

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer this case to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631 (authorizing transfer of cases).

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  October 7, 2024